NIHAT DENIZ BAYRAMOGLU, ESQ. (California Bar No. 294922; Nevada Bar No. 14030)
deniz@bayramoglu-legal.com
DAVID SILVER, ESQ. (California Bar No. 312445; Nevada Bar No. 15641)
david@bayramoglu-legal.com
**BAYRAMOGLU LAW OFFICES LLC**
1540 West Warm Springs Road, Suite 100
Henderson, NV 89014
Telephone:  702.462.5973
Facsimile:   702.553.3404
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANGZHOU INSHOT TECH CO., LTD., a Chinese limited company,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STUDIO VIDEO DOWNLOADER X, and DOES 1 to 20, Inclusive,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-00397<br><br>**COMPLAINT FOR**<br>　**(1) FEDERAL TRADEMARK INFRINGEMENT**<br>　**(2) CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT**<br>　**(3) FEDERAL COPYRIGHT INFRINGEMENT**<br>　**(4) FEDERAL UNFAIR COMPETITION**<br>　**(5) CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>　**(6) UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

　　　　Plaintiff, Hangzhou InShot Tech Co., Ltd. ("Plaintiff"), by and through its attorneys of record, appears and states by way of the Complaint and alleges the following against Defendants STUDIO VIDEO DOWNLOADER X and DOES 1 to 20 (collectively "Defendants"), and alleges based on information and belief follows:

## PARTIES

1. Plaintiff has its principal place of business at Rm. 2002, 20/F Huaxing Century Bldg., No., 317, Wantang Rd., Xihu Dist. Hangzhou, Zhejiang, China 310000. Plaintiff has a location in the United States located at 2801 Alton Parkway, #305 Irvine, CA 92606, as listed in the Google Play store, in which it operates out of with respect to its mobile applications.

2. Defendant STUDIO VIDEO DOWNLOADER X ("Downloader X") is a mobile application developer that developed the Free Video Downloader - private video saver application that is currently active on the Google Play store. There is no name or other identifying information other than the email freedownloader2020@gmail.com.

3. Plaintiff does not know the true names, identities and capacities of Defendants sued herein as DOES 1 to 20, and therefore sues these Defendants by such fictitious names. At such time as Plaintiff learns the true names, identities, and capacities of Defendants DOES 1 to 20, Plaintiff will amend this Complaint to reflect such names and capacities. Plaintiff is informed and believes, and thereon alleges, that Defendants DOES 1 to 20 created, work for, operate, manage, or are otherwise affiliated with Downloader X and are therefore responsible in some manner for the actions alleged herein and the damages caused to Plaintiff.

## JURISDICTION AND VENUE

4. This action is brought under, and subject matter jurisdiction of this matter is vested in this Court through, 28 U.S.C. § 1331 (Federal Question Jurisdiction) and 1338 (action arising under an Act of Congress relating to trademarks and copyrights). This action is also brought under the trademark laws of the United States, U.S. Trademark Act of 1946, as amended, (15 U.S.C. § 1051 *et seq*.), under the copyright laws of the United States, Copyright Act of 1976, as amended, (17 U.S.C. § 101 *et seq*.) as applicable through the Berne Convention, and Federal Unfair Competition under Section 43 of the Lanham Act (15 U.S.C. § 1125).

5. The Court has supplemental jurisdiction over all state and common law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to the federal claims and arise from a common nucleus of operative facts.

6. Venue is proper in this action under 28 U.S.C. § 1391 because Defendants do business within the state of California, a substantial part of the harm from the events or omissions giving rise to the claims occurred in this District, and because the Defendants are subject to personal jurisdiction in this District.

7. Defendants' mobile application is available throughout the United States and is available on the Google Play website. On information and belief, consumers within the Central District of California have downloaded and have made, and are continuing to make, purchases from Defendants' mobile application. Therefore, Plaintiff's claims of infringement include transactions that happen on a regular basis within California's jurisdiction.

8. Defendants transacted and conducted, and continue to transact and conduct, business in this judicial district, purposefully availing themselves of the benefits and laws of this judicial district and purposefully directing significant and substantive contacts at this judicial district. Defendants maintain ongoing contractual relationships within this district and conducts or solicits business within this district. Defendants directly and/or through intermediaries, offers for sale, sells, and advertises their products that are pertinent to this action within this district.

9. On information and belief, Defendants are not residents of the United States. Therefore, for venue purposes under 28 U.S.C. § 1391(c)(3), Defendants may be sued in any judicial district, including the Central District of California.

///

///

///

**COMPLAINT**

**BACKGROUND FACTS**

10. Plaintiff and its affiliated company, Simple Design Ltd., created a video downloader mobile application and designed the ⬇ logo to be used in association with the mobile application. Plaintiff and Simple Design Ltd. first started using the ⬇ logo on or about March 16, 2018.

11. Simple Design Ltd. filed an application for registration of the ⬇ logo as a trademark on May 9, 2019. Simple Design Ltd. obtained registration of the ⬇ mark on June 2, 2020. Simple Design Ltd. then assigned the rights in the mark to Plaintiff on June 8, 2020. Attached as **Exhibit 1** is a copy of Plaintiff's Registration No. 6066895 (the '895 Registration) for Plaintiff's mark.

12. The '895 Registration is registered for the goods in International Class 009 for "Downloadable mobile applications for browsing videos with the built-in browser; Downloadable mobile applications for playing videos offline with the built-in player; Downloadable mobile applications for downloading videos from website; Downloadable mobile applications for downloading videos in the background."

13. Plaintiff's application is available through the Google Play store as "Video Downloader" offered by InShot Inc. Since launching its "Video Downloader" mobile application, Plaintiff has spent significant time, effort, and resources building its "Video Downloader" mobile application into one of the best and most popular video downloading applications available. As of January 7, 2021, Plaintiff's "Video Downloader" application has over 100,000,000 downloads and over 633,000 reviews and still boasts an impressive 4.5 Star rating. Attached as **Exhibit 2** is a date stamped screenshot of Plaintiff's mobile application on Google Play.

14. On information and belief, Defendants created their own video downloader mobile application, named "Free Video Downloader - private video saver," that was released on Google Play on or about March 2, 2020, nearly two years after Plaintiff's mobile application.

Defendants' mobile application uses the ⬇ logo, which is confusingly similar to Plaintiff's registered trademark.

15. As of January 7, 2021, Defendants' application has over 500,000 downloads with just over 12,000 reviews. Attached as **Exhibit 3** is a date stamped screenshot of Defendants' mobile application on Google Play.

16. Defendants' description of its application specifically describes the application as "a super powerful download app that works seamlessly with the built-in browser to easily download videos." Defendant also describes some main features to include having "no restrictions on downloading videos," supporting "HD video download and playback," and having a "backstage silent download."

17. The '895 Registration specifically lists downloadable mobile applications for browsing videos with a built-in browser and downloading videos and playing them with a built-in player. The '895 Registration also specifically lists downloadable mobile applications for downloading videos in the background.

18. Defendant uses the same words "Video Downloader" in the name of its application, clearly indicating the application's purpose of downloading videos and using the identical words Plaintiff uses for the name of Plaintiff's mobile application that Plaintiff spent the last two years building into one of the best and most popular video downloading applications available.

19. Everything in Defendant's mobile application, including but not limited to the ⬇ logo, the title, and the description, represents a clear attempt to use Plaintiff's hard-earned popularity and goodwill in a willful and deliberate attempt to try to poach potential users, and revenue, from Plaintiff and Plaintiff's mobile application.

20. Plaintiff discovered Defendants' application a few months after Defendants' application was released. Plaintiff sent Defendants an email on July 23, 2020 to the email address provided on

Defendants' mobile application page informing Defendants of the trademark infringement. Plaintiff did not receive a response of any kind.

21. Plaintiff tried to contact Defendants again regarding the trademark infringement on August 9, 2020, December 7, 2020, and again through counsel on December 16, 2020. At no time did Plaintiff receive a single reply from Defendants.

22. Defendants' repeated and ongoing silence displays a willful intention of confusing the consuming public and to benefit from Plaintiff's hard-earned goodwill. Defendants' silence is also a clear indication of Defendants' complete disregard to Plaintiff's intellectual property rights.

23. Plaintiff owns a valid copyright for its video downloader software used in its video downloader mobile application. Plaintiff originally acquired full rights in Plaintiff's video downloader software in the People's Republic of China as Registration No. 2018SR255788.

24. Zhengzhou Zhuojian Software Technology Co., Ltd., the listed owner of the Chinese Copyright Registration No. 2018SR255788, is an affiliated company with Plaintiff and authorizes Plaintiff to use and protect the rights in the copyrighted video downloader software. Attached as **Exhibit 4** is the Chinese copyright registration and copyright name change.

## FIRST CLAIM

**(Trademark Infringement – Lanham Act § 32(1), 15 U.S.C. § 1114(1) – as to all Defendants)**

25. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

26. Plaintiff owns prior rights in the ⬇ mark and owns the '895 Registration.

27. By virtue of the valid registration of the '895 Registration, Defendants have constructive notice of Plaintiff's rights in the ⬇ mark.

28. Plaintiff has also informed Defendants of Plaintiff's rights and ownership of the ⬇ mark on July 23, 2020, August 9, 2020, December 7, 2020, and December 16, 2020. Therefore, Defendants had actual knowledge of the infringement and deliberately, intentionally, and willfully chose to disregard Plaintiff's intellectual property rights.

29. Defendants' use of the confusingly similar ⬇ logo in connection with identical and highly related goods, namely, the video downloader mobile application, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Plaintiff. In addition, Defendants' infringement is likely to cause, inter alia, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion.

30. Defendants' use of the confusingly similar ⬇ logo also attempts to confuse and deceive consumers into downloading Defendants' mobile application when the consumers were in fact looking for Plaintiff's mobile application. Defendants are using Plaintiff's hard-earned reputation and goodwill to trick consumers into downloading Defendants' mobile application, at the expense of Plaintiff.

31. Defendants' use of the confusingly similar ⬇ logo and Defendants' video downloader mobile application uses an identical channel of trade, namely, the Google Play store, as Plaintiff's ⬇ mark and Plaintiff's video downloader mobile application.

32. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

33. Plaintiff is also entitled to damages in accordance with 15 U.S.C. 1117(a) to recover

1  Defendants' profits resulting from the infringement and actual damages sustained by Plaintiff,
2  both to be proven at trial, as well as costs of the case.
3  34. Defendants' willful, deliberate, and intentional infringement, even after Plaintiff attempted to
4  contact Defendants on multiple occasions, makes this case exceptional and entitles Plaintiff
5  to reasonable attorney's fees.

## SECOND CLAIM

**(California Common Law Trademark Infringement – as to all Defendants)**

35. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

36. Plaintiff owns California common law trademark rights in the ⬇️ mark in connection with the video downloader mobile application.

37. Plaintiff's trademark rights in the ⬇️ mark predate any use of the ⬇️ logo by Defendants by nearly two years. In that time, Plaintiff's mark was used in connection with its video downloader mobile application and downloaded by millions of users, many of which reside in California.

38. Defendants had both constructive knowledge of Plaintiff's trademark rights through the '895 Registration and actual knowledge of Plaintiff's trademark rights through Plaintiff's direct correspondence with Defendants through Defendants' own provided contact information on the Google Play store.

39. Defendants' use of the confusingly similar ⬇️ logo in California commerce in connection with identical goods, namely, video downloader mobile application, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Plaintiff. In addition, Defendants' infringement is likely to

cause, inter alia, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion.

40. Defendants' use of the confusingly similar ⬇️ logo also attempts to confuse and deceive consumers into downloading Defendants' mobile application when the consumers were in fact looking for Plaintiff's mobile application. Defendants are using Plaintiff's hard-earned reputation and goodwill to trick consumers into downloading Defendants' mobile application, at the expense of Plaintiff.

41. Defendants' use of the confusingly similar ⬇️ logo and Defendants' video downloader mobile application uses an identical channel of trade, namely, the Google Play store, as Plaintiff's ⬇️ mark and Plaintiff's video downloader mobile application.

42. Defendants' conduct has infringed and continues to infringe Plaintiff's trademark rights under California common law.

43. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

44. Plaintiff is also entitled to damages to recover Defendants' profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

45. Defendants have acted with malice, oppression, and fraud, as defined in California Civil Code § 3294, and willfully and with the intent to cause injury to Plaintiff, thereby warranting an assessment of punitive damages in an amount appropriate to punish each Defendant and to deter others from engaging in similar conduct.

## THIRD CLAIM

**(Federal Copyright Infringement – 17 U.S.C § 501, *et seq*. – as to all Defendants)**

46. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

47. Plaintiff owns a valid copyright for its video downloader software used in its video downloader mobile application. Plaintiff originally acquired full rights in Plaintiff's video downloader software in the People's Republic of China as Registration No. 2018SR255788.

48. Zhengzhou Zhuojian Software Technology Co., Ltd., the listed owner of the Chinese Copyright Registration No. 2018SR255788, is an affiliated company with Plaintiff and authorizes Plaintiff to use and protect the rights in the copyrighted video downloader software.

49. Defendants' mobile application provides identical functions as Plaintiff's copyrighted software, including but not limited to, Defendants' mobile application being a download app that works with a built-in browser to download videos, having no restrictions on downloading videos, supporting HD video download and playback, and having a backstage silent download.

50. Plaintiff is entitled to protection of its foreign Copyright registration through the Berne Convention, in which both the United States and China are signatories.

51. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive relief through 17 U.S.C. § 502.

52. Defendants' willful, deliberate, and intentional infringement, even after Plaintiff attempted to contact Defendants on multiple occasions, allows for Plaintiff to recover up to $150,000.00 in statutory damages pursuant to 17 U.S.C. § 504(c).

## FOURTH CLAIM

**(Federal Unfair Competition – Lanham Act Section 43(a), 15 U.S.C § 1125 – as to all Defendants)**

53. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

54. Defendants engaged in unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1) by falsely and in bad faith using a confusingly similar mark to the '895 Registration, the identical words "video downloader" in the title of the mobile application, and using identical goods and identical channels of trade as Plaintiff's mark and mobile application.

55. Defendants' use of the confusingly similar [logo] logo in California commerce in connection with identical goods, namely, video downloader mobile application, is likely to cause confusion, cause mistake, and/or deceive consumers and the purchasing public as to affiliation, connection, or association of Plaintiff and Defendants and as to origin, sponsorship, or approval of Defendants' goods by Plaintiff. In addition, Defendants' infringement is likely to cause, inter alia, subliminal and associational confusion, forward confusion, reverse confusion, initial interest confusion, point-of-sale confusion, and post-sale confusion.

56. Defendants' use of the confusingly similar [logo] logo also attempts to confuse and deceive consumers into downloading Defendants' mobile application when the consumers were in fact looking for Plaintiff's mobile application. Defendants are using Plaintiff's hard-earned reputation and goodwill to trick consumers into downloading Defendants' mobile application, at the expense of Plaintiff.

57. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary

restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

58. Plaintiff is also entitled to damages in accordance with 15 U.S.C. 1117(a) to recover Defendants' profits resulting from the infringement and actual damages sustained by Plaintiff, both to be proven at trial, as well as costs of the case.

59. Defendants' willful, deliberate, and intentional infringement, even after Plaintiff attempted to contact Defendants on multiple occasions, makes this case exceptional and entitles Plaintiff to reasonable attorney's fees.

**FIFTH CLAIM**

**(California Unfair Competition – California Business & Professions Code § 17200, *et seq*. – as to all Defendants)**

60. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

61. As detailed throughout this Complaint, Defendants have infringed Plaintiff's trademark and copyright rights by using the confusingly similar ⬇️ logo in connection with identical goods, namely, video downloader mobile application, which uses a near identical title, identical channels of trade, and provides the same software functions as Plaintiff's video downloader mobile application. Defendants' acts and conduct constitute "unlawful, unfair, or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue, or misleading advertising" within the meaning of California Business and Professions Code §17200 *et seq*. Defendants' acts and conduct are wrongful, knowing, willing, and malicious, and constitute unfair competition under California law.

62. Defendants' aforesaid acts have caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a temporary

restraining order, preliminary injunction, and/or permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury.

63. Defendants have acted with malice, oppression, and fraud, as defined in California Civil Code § 3294, and willfully and with the intent to cause injury to Plaintiff and with complete disregard to Plaintiff's rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in similar conduct.

## SIXTH CLAIM

### (Unjust Enrichment – as to all Defendants)

64. Plaintiff hereby re-alleges and incorporates each and every allegation set forth above as if the same was more fully set forth herein.

65. As a result of Defendants' actions as stated herein, Defendants have been unjustly enriched and, at the same time, is causing a loss of revenue to Plaintiff to Plaintiff's detriment.

66. Defendants have accepted and retained the benefit of the unjust enrichment from their wrongful conduct.

67. There is no express, written contract between Plaintiff and Defendants that would allow for Defendants to retain the benefit of the unjust enrichment from their wrongful conduct as described herein.

68. Plaintiff is entitled to recover from the Defendants their unjust enrichment including gains, profits, and advantages they have obtained as a result of their wrongful conduct. Plaintiff is, at present, unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their wrongful conduct.

69. By reason of the foregoing, Plaintiff seeks damages based on Defendants' unjust enrichment in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For judgment in favor of Plaintiff against Defendants on all claims.

2. That pursuant to 15 U.S.C. § 1116 and its inherent equitable powers, the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants from using the ⬇ logo, as well as any names or marks confusingly similar to the '895 Registration.

3. That pursuant to 17 U.S.C. § 502 and its inherent equitable powers, the Court issue a temporary restraining order, preliminary injunction, and permanent injunction restraining and enjoining Defendants from providing Defendants' video downloader mobile application due to the violation of Plaintiff's copyright.

4. That pursuant to 15 U.S.C. § 1117(a), Plaintiff recover Defendants' profits, such sums in addition thereto as the Court shall find just, and the costs of this action.

5. Judgment that this case is exceptional, and that the Defendant be ordered to pay all of Plaintiff's attorney fees associated with this action pursuant to 15 U.S.C. 1117(a).

6. That pursuant to California Business & Professions Code § 17200 *et seq.*, Plaintiff be awarded damages in an amount to be proven at trial.

7. That pursuant to California Civil Code § 3294, the Court award punitive damages against Defendants in an amount to be determined by the trier of fact.

8. Statutory damages for willful copyright infringement in the amount of $150,000.00 pursuant to 17 U.S.C. § 504(c).

9. Awarding to Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

10. Awarding to Plaintiff compensatory, general and special, consequential and incidental damages in any additional, yet currently unknown, amount to be determined at trial.

12. Awarding pre- and post- judgment interest.

13. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated this 14th day of January 2021

**BAYRAMOGLU LAW OFFICES LLC.**
By: */s/ Nihat Deniz Bayramoglu*
NIHAT DENIZ BAYRAMOGLU, ESQ.
(California Bar No. 294922)
(Nevada. Bar No. 14030)
deniz@bayramoglu-legal.com
DAVID SILVER, ESQ.
(California Bar No. 312445)
(Nevada Bar No. 15641)
david@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052
*Attorneys for Plaintiff*
Hangzhou InShot Tech Co., Ltd.