1  NIHAT DENIZ BAYRAMOGLU, ESQ. (California Bar No. 294922; Nevada Bar No. 14030)
   deniz@bayramoglu-legal.com
2  DAVID SILVER, ESQ. (California Bar No. 312445; Nevada Bar No. 15641)
   david@bayramoglu-legal.com
3  **BAYRAMOGLU LAW OFFICES LLC**
   1540 West Warm Springs Road, Suite 100
4  Henderson, NV 89014
   Telephone: 702.462.5973
5  Facsimile: 702.553.3404
6  *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANGZHOU INSHOT TECH CO., LTD., a Chinese limited company,<br><br>Plaintiff,<br><br>v.<br><br>STUDIO VIDEO DOWNLOADER X, and DOES 1 to 20, Inclusive,<br><br>Defendants. | Case No.: 2:21-cv-00397<br><br>**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY** |

To the Clerk of the United States District Court for the Central District of California:

COMES NOW, the Plaintiff Hangzhou InShot Tech Co., Ltd. ("Plaintiff" or "InShot") by and through their attorney of record, Bayramoglu Law Office, LLC, files this Plaintiff's Rule 55(b) Motion for Default Judgment against Defendant Studio Video Downloader X ("Defendant" or "Downloader X").

///

///

///

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

**TABLE OF CONTENTS**

I.   BACKGROUND INFORMATION AND PROCEDURAL HISTORY ….………...... 1

II.  MEMORANDUM OF POINTS AND AUTHORITIES ………………………………..3

    A. **Defendant's failure to appear strongly militates in favor of final judgment**……...3

    B. **The *Eitel* factors overwhelmingly favor an entry of final default judgment against the Defendants**……………………………………….………………………4

        i.   Legal Standard……………………………………………………………...4

        ii.  The *Eitel* factors overwhelmingly favor an entry of Final Default Judgment against Defendant……………………………………………..5

    C. **Willful and Flagrant Infringement Warrants Permanent Injunction**…………….10

III. DAMAGE CALCULATIONS ……….…………………………………..…………….11

IV.  CONCLUSION ……….…………………………………………………..…………….11

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

# TABLE OF AUTHORITIES

**Cases**

*Boland v. Hetrick,*
    277 F.Supp.3d 112, 117 (USDC, DC, 2017) ................................................................. 3

*Brown Bag Software v. Symantec*
    960 F.2d 1465,1472 (9th Cir.1992) ............................................................................ 7

*Compendia Songs v. On Top Commc'ns*
    No. Civ.A.04-252-GMS, 2004 WL 2898070, at *2 (D. Del. Nov. 15, 2004) ........... 10

*Danning v. Lavine*
    572 F.2d 1386, 1388 (9th Cir. 1978) ....................................................................... 5, 8

*Discovery Communication Inc. v. Animal Planet, Inc.*
    172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001) ............................................................ 8

*Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*
    3:06cv264, WL 1720681, at *5 (E.D. Va. June 20, 2006) ......................................... 3

*Eitel v. McCool,*
    782 F.2d 1470, 1471-72 (9th Cir. 1986) ................................................................. 4, 5

*In re E. I. Du Pont Nemours & Co.*
    476 F.2d 1357 (C.C.P.A. 1973) .................................................................................. 6

*In re Shell Oil Co.*
    992 F.2d 1204, 1207, 26 USPQ2d 1687, 1689 (Fed. Cir. 1993) ............................ 6, 7

*Kloepping v. Fireman's Fund,*
    No. C9402684, 1996 WL 75314 ................................................................................ 5

*PepsiCo, Inc. v. Cal. Sec. Cans*
    238 F. Supp. 2d 1172 (C.D. Cal 2002) ........................................................... 3, 4, 5, 9

*PepsiCo, Inc. v. Triunfo-Mex, Inc.,*
    189 F.R.D. 431, 432 (C.D. Cal. 1999) ...................................................................... 10

*Structural Concrete Products, LC v. Clarendon America Inc. Co.,*
    244 F.R.D. 317, 348 (E.D. Va. 2007) ......................................................................... 3

*Truong Giang Corp. v. Twinstar Tea Corp.*
    No. C 06-03594 (EMC) WL 1545173 at *34 (N.D. Cal. Mar. 22, 2007) .................. 9

*Vogel v. Rite Aid Corp.*
    992 F.Supp. 2d 998, 1013 (C.D. Cal. 2014) ............................................................. 10

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

**Statutes**

15 U.S.C. § 1115(a) .................................................................................................... 7

15 U.S.C. § 1116 ...................................................................................................... 11

17 U.S.C. § 502 ........................................................................................................ 11

Fed. R. Civ. P. Rule 55 ..................................................................................... 3, 4, 10

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

## I. BACKGROUND INFORMATION AND PROCEDURAL HISTORY

Plaintiff moves this Court to enter a final default judgment against Defendant. The Complaint was filed on January 14, 2021 (ECF No. 1) and the summons was issued the next day on January 15, 2021 (ECF No. 9). Plaintiff filed an Ex-Parte Motion for Alternative Service on January 14, 2021 (ECF No. 6) along with the Complaint. The Court granted Plaintiff's Motion for Alternative Service on January 21, 2021 (ECF No. 12) and Plaintiff served the summons and complaint on Defendant that same day following the Court's ruling (ECF No. 13). Plaintiff filed a Request for Entry of Clerk's Default against Defendant on February 12, 2021 (ECF No. 14). The Clerk's Default was granted on February 16, 2021 (ECF No. 17). DOES 1 to 20 were pled as unknown individuals connected to Downloader X. As Downloader X has defaulted and no discovery was able to take place, the identities of any individuals remains unknown. Plaintiff is hereby willing to simultaneously dismiss Does 1 to 20 upon the granting of the default judgment against Downloader X.

Plaintiff and its affiliated company, Simple Design Ltd., created a video downloader mobile application and designed a logo to be used in association with the mobile application. Plaintiff and Simple Design Ltd. first started using the logo on or about March 16, 2018. Simple Design Ltd. applied for trademark protection for the logo on May 9, 2019 following the success of the mobile application and obtained registration of the trademark for the logo on June 2, 2020 as Registration No. 6066895 (the '895 Registration). Simple Design Ltd. then assigned the rights in the '895 Registration to InShot on June 8, 2020.

Plaintiff is also authorized to use and enforce the software for the video downloader mobile application, developed and copyrighted by another affiliated company Zhengzhou Zhuojian Software Technology Co., Ltd. on December 18, 2017 in the People's Republic of China.

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

Downloader X released their own video downloader mobile application, which has numerous identical functions as Plaintiff's copyrighted software, and utilizes a substantially similar icon to Plaintiff's highly successful video downloader mobile application. Downloader X also includes in its description of its application the exact goods specified in Plaintiff's registered trademark, including, but not limited to, downloadable mobile applications for browsing videos with a built-in browser, downloading videos and playing them with a built-in player, and downloadable mobile applications for downloading videos in the background. Defendant's mobile application was released on March 2, 2020, nearly two years after Plaintiff's release of its mobile application and well after Plaintiff's mobile application became highly successful. Everything in Defendant's mobile application, including but not limited to the icon, the title, and the description, represents a clear attempt to use Plaintiff's hard-earned popularity and goodwill in a willful and deliberate attempt to profit from Plaintiff's mobile application and positive reputation.

Plaintiff attempted to contact Defendant on July 23, 2020 informing Defendant of the trademark infringement. Defendant ignored the email and failed to respond. Plaintiff tried to contact Defendant again regarding the trademark infringement on August 9, 2020, December 7, 2020, and again through counsel on December 16, 2020. Defendant did not provide a single reply. Plaintiff filed the present lawsuit, which Defendant has again failed to reply to, despite the evidence that Defendant's contact email is both active and regularly monitored.

Therefore, Plaintiff requests that this Court issue a Final Default Judgment as to Downloader X to stop Defendant from continuing to wrongfully profit off of Plaintiff's hard-earned popularity and goodwill. Plaintiff respectfully requests that the judgment include immediate relief in the form of a Permanent Injunction for Google Play, and any other online platform which Defendant's mobile application may be available, to immediately and

permanently remove Defendant's infringing video downloader mobile application. Plaintiff also respectfully requests that the judgment include an order allowing for expedited discovery to obtain sales information for in-app purchases from Google in order for Plaintiff to provide an accurate damages calculation to the Court.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Defendant's failure to appear strongly militates in favor of final judgment

As per Federal Rules of Civil Procedure 55(b), "… the party must apply to the court for a default judgment." Case law confirms that default should be entered when Defendant fails to respond to a complaint. *Structural Concrete Products, LC v. Clarendon America Inc. Co.*, 244 F.R.D. 317, 348 (E.D. Va. 2007). "Before the plaintiff can move for default, the clerk or the court must enter default." Quoting *Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.* 3:06cv264, WL 1720681, at *5 (E.D. Va. June 20, 2006).

"To warrant a default judgment, the defendant must be considered a totally unresponsive party, its default plainly willful, reflected by its failure to respond to the summons and complaint…." *Boland v. Hetrick*, 277 F.Supp.3d 112, 117 (USDC, DC, 2017) quoting Fed. R. Civ. P. 55. In this case, Defendant has proven to be consistently unresponsive to both the pre-litigation correspondence as well as the summons and complaint in this action. Defendant's unresponsiveness is plainly willful as it has failed to respond to any correspondence or summons regarding its infringing video downloader mobile application.

This court may enter judgment against a Defendant whose default has been ordered pursuant to Rule 55(b) of the Fed. R. Civ. P. See *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal 2002). Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). First a party seeking to obtain a default judgment must request the clerk to "enter …the

1 default" of the party that has not answered the pleading or "otherwise defend[ed] within the time
2 required by the rules or as extended by a default judgment." If the plaintiff's claim is "for
3 a sum certain or a sum that can be made certain," the Plaintiff may obtain default judgment from
4 the Clerk of the court. Fed. R. Civ. P. 55(b)(1). Plaintiff has completed this process.

5 The Ninth Circuit has dictated that courts consider the following factors in determining
6 whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### B. The *Eitel* factors overwhelmingly favor an entry of final default judgment against the Defendant

InShot will clearly incur substantial prejudice if the court denies default judgment. Defendant will persist in flagrant trademark and copyright infringement by its continued offer and operation of its infringing video downloader mobile application. Defendant will continue to routinely and consistently ignore any and all attempts to contact them regarding this matter as Defendant has yet to appear in this case despite Plaintiff and Plaintiff's counsel's best efforts. The Defendant is presumably willfully ignoring the action and the jurisdiction of this Court.

#### i. Legal Standard

This court may enter judgment against a Defendant whose default has been ordered pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002). The Ninth Circuit has dictated that courts consider the following factors in determining whether to enter default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of the case, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether defendant's default was the product of excusable neglect, and (7) the strong public favoring decision on the merits. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (quoting *Eitel v. McCool*, 782 F.2d 1470, 20 1471-72 (9th Cir. 1986)).

4

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

### ii. The *Eitel* factors overwhelmingly favor an entry of Final Default Judgment against Defendant

The first two *Eitel* factors are (1) possibility of prejudice to the plaintiff, and (2) the merits of the case. The Ninth Circuit has suggested that these two factors require that plaintiff "state a claim on which the [plaintiff] may recover." *Kloepping v. Fireman's Fund*, No. C9402684, 1996 WL 75314 (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

In this action Plaintiff asserts the following claims: (1) federal trademark infringement in violation of 15 U.S.C. § 1114. Defendant is using an icon to identify its mobile application that is substantially similar to Plaintiff's '895 Registration that is likely to confuse consumers as to the source or affiliation of the Defendant's video downloader mobile application with Plaintiff; (2) California Common Law Trademark Infringement based on Defendant's constructive and actual knowledge of its infringement on the '895 Registration; (3) Federal Copyright Infringement through Defendant's unauthorized use of Plaintiff's software code for a video downloader mobile application in violation of 17 U.S.C § 501, et seq.; (4) Federal Unfair Competition by falsely and in bad faith using a confusingly similar mark to the '895 Registration, the identical words "video downloader" in the title of the mobile application, and using identical goods and identical channels of trade as Plaintiff's mark and mobile application in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)(1); (5) California Unfair Competition by using a confusingly similar icon in connection with identical goods, a near identical title, identical channels of trade, and provides the same software functions as Plaintiff's video downloader mobile application in violation of California Business and Professions Code §17200 et seq.; and (6) Unjust Enrichment through the facts alleged above, causing Defendant to benefit in profits and reputation at Plaintiff's expense.

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

Defendant has had constructive knowledge of the '895 Registration as early as May 9, 2019 and actual notice as early as July 23, 2020 when Plaintiff first informed Defendant of the infringement. For an analysis on the likelihood of the merits, the Court would need to analyze the alleged infringement. For trademark infringement, this would include analyzing the two images based on the factors identified in *In re E. I. Du Pont Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973). These factors include (1) the similarity of the marks in their entireties as to appearance, sound, connotation and commercial impression; (2) the similarity and nature of the goods or services as described in an application or registration or in connection with which a prior mark is in use; (3) the similarity of established, likely-to-continue trade channels; (4) the conditions under which and buyers to whom sales are made, i.e. "impulse" vs. careful, sophisticated purchasers; (5) the fame of the prior mark; (6) the number and nature of similar marks in use on similar goods; (7) the nature and extent of any actual confusion; (8) the length of time during and conditions under which there has been concurrent use without evidence of actual confusion; (9) the variety of goods on which a mark is or is not used; (10) the market interface between the applicant and the owner of the prior mark; (11) the extent to which applicant has a right to exclude others from use of its mark on its goods; (12) the extent of potential confusion; and (13) any other established fact probative of the effective of use. *Id.*

Here, the appearance of the images is substantially similar in that both mainly feature a downward facing arrow over a horizontal line. The images create the same commercial impression for downloading. Since the images have no words, so there is no comparative sound. The more similar the marks at issue, the less similar the goods or services need to be to support a finding of likelihood of confusion. *In re Shell Oil Co.*, 992 F.2d 1204, 1207, 26 USPQ2d 1687, 1689 (Fed. Cir. 1993). The inverse is just as applicable, in that the more similar the goods or services are, any minor differences in the appearance of the marks becomes less significant.

Therefore, even if there are minor differences in the appearances of the images, the identical nature of the goods make any minor differences in the images less of a factor and increases the likelihood of confusion.

As for the remaining factors, the channels of trade and possible purchasers are identical between Plaintiff and Defendant. Plaintiff's mobile application had received substantial success for two years prior to Defendant's application even being released. Plaintiff and Defendant both have their applications on Google Play and are direct competitors, thus increasing the likelihood of confusion. Plaintiff's trademark registration also has a presumption of validity and is prima facie evidence of validity under 15 U.S.C. 1115(a). Without any contrary evidence from the Defendant, the *DuPont* factors weigh heavily in favor of a finding of infringement.

As for the copyright infringement claims, infringement is shown through demonstration of ownership of the copyright, access to work, and substantial similarity. See *Brown Bag Software v. Symantec*, 960 F.2d 1465,1472 (9th Cir.1992). Here, Plaintiff holds a valid copyright in China. The infringement can be brought in the United States under the Berne Convention for infringement that occurs within the United States. The access to and downloads from the Google Play store certainly include infringement within the United States. Defendant had clear access to Plaintiff's mobile application for two years prior to releasing its own version of the mobile application. Both Plaintiff's and Defendant's mobile applications perform nearly identical, and in some instances entirely identical, software functions. Again, with no answer, defense, or contrary evidence from Defendant, the copyright infringement analysis and allegations in the Complaint, when taken as true, create a clear likelihood of success on the merits of the case.

The remaining causes of action for unfair competition and unjust enrichment similarly involve Defendant's improper profiting from Plaintiff's goodwill and reputation that is a result of Defendant's trademark and copyright infringement. Without any defense or evidence disputing

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

the facts in the Complaint, and taking the allegations in the Complaint as true, Plaintiff has sufficiently pled facts that a likelihood of success on the merits of the case.

Furthermore, the prejudice to Plaintiff is great. The unfettered infringement of the '895 Registration completely defeats the purpose of obtaining copyright and trademark rights and hurts Plaintiff's ability to maintain and continue its own intellectual property rights while allowing Defendant to continue to profit from its knowingly wrongful conduct.

In the *Eitel* case, the third factor is regarding the sufficiency of the Complaint. The Complaint as filed is sufficient to plead the claims in the Complaint, such as trademark and copyright infringement, unfair competition, and unjust enrichment, as it outlines in detail the infringement of Defendant on Plaintiff's trademark and copyright. Defendant continues to provide access to its infringing application of Google Play despite the repeated notice of the infringement. This in and of itself shows that the Complaint is sufficient to meet the *Eitel* factor regarding sufficiency of the Complaint and the blatant infringement by Defendant. Plaintiff's substantive claim and Complaint demonstrate a claim on which Plaintiff may recover. *Discovery Communication Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001), "The Ninth Circuit has suggested that the [] two Eitel factor[s] involving the substantive merits of Plaintiff's claims and the sufficiency of the complaint [] 'require that plaintiff's allegations state a claim on which [it] may recover,'" citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

The fourth *Eitel* factor is the sum of money at stake in the action. Under the fourth *Eitel* factor, the Court will consider the amount of money at stake compared to the seriousness of the Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks injunctive relief from Defendants' willful patent infringement by purchasing and selling infringing products under the fourth *Eitel* factor. *Id.* at 1177. ("[Plaintiffs] seek [] injunctive relief…. Accordingly, this factor

favors granting default judgment"). In order to provide an accurate calculation of damages to the Court, Plaintiff is requesting expedited discovery from Google in order to obtain the required information Plaintiff was unable to obtain through discovery due to Defendant's default.

The fifth *Eitel* factor is the possibility of a dispute concerning the material facts. Genuine dispute of material facts does not exist in the Complaint to preclude Plaintiff's motion. "Upon entry of default, all well-pleaded facts in the Complaint are taken as true, except those relating to damages." *Id*. Accordingly, there is "little possibility of dispute" as to Defendant's liability for damages. *Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594 (EMC) WL 1545173 at *34 (N.D. Cal. Mar. 22, 2007). Considering the fifth *Eitel* factor when Defendant has not filed an answer to Plaintiff's Complaint, the previously submitted infringement allegations and attachments to the Complaint speak for themselves. This factor, in and of itself, weighs in favor of entry of default judgment.

The sixth *Eitel* factor is whether Defendant's default was the product of excusable neglect. Defendant has had adequate notice of this lawsuit. As discussed above, Defendant was properly served via electronic service with the Summons and Complaint pursuant to the Court granting the alternative service. In the underlying Motion for Alternative Service, Plaintiff provided evidence that Defendant's electronic mail address is both currently active and regularly monitored. This, in and of itself, shows that Defendants have had adequate notice and have continued to fail to respond to Plaintiff's Complaint. Therefore, this factor weighs in favor of default judgment.

The seventh and final *Eitel* factor is the strong public policy favoring decision on the merits. The policy favoring decisions on the merits is not dispositive even though the court in *Eitel* notes that cases should be decided on the merits when possible. The mere enactment of Rule 55(b) indicates … that 'this preference, standing alone, is not dispositive.'" *Vogel v. Rite*

9

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

*Aid Corp.*, 992 F.Supp. 2d 998, 1013 (C.D. Cal. 2014) (citation omitted). Here, since Defendants have failed to appear and have failed to defend themselves against this suit, this factor does not preclude the entry of final default judgment.

Aside from the non-dispositive preference for deciding cases on the merits, all the *Eitel* factors are in favor of the entry of final default judgment, and the Court should duly enter final default judgment against Defendant. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Despite proper service, Defendant has failed to follow one of the most fundamental provisions of the Federal Rules of Civil Procedure – filing an answer to a complaint that was duly filed and served. And "[b]ecause the defendant failed to answer, move or otherwise respond to the Complaint, the entry of default judgment against them is appropriate." *Compendia Songs v. On Top Commc'ns*, No. Civ.A.04-252-GMS, 2004 WL 2898070, at *2 (D. Del. Nov. 15, 2004).

Defendant has failed to answer, move, or otherwise respond to the Complaint. As a result, the entry of default judgment against them is appropriate. Plaintiff's counsel submits an Affidavit pursuant to Fed. R. Civ. P. 55(b)(2) attached hereto in further support of entry of default judgment.

### C.  Willful and Flagrant Infringement Warrants Permanent Injunction

Remedies for both trademark and copyright infringement include, but are not limited to an injunction issued by the court. Defendant's wrongful conduct as discussed above has caused and will continue to cause Plaintiff to suffer damages and irreparable injury, and unless such acts are restrained by this Court through a permanent injunction, such acts will be continued and Plaintiff will continue to suffer damages and irreparable injury. Plaintiff is entitled to injunctive

relief through both 15 U.S.C. § 1116 and 17 U.S.C. § 502. Therefore, Plaintiff respectfully asks the Court to grant the requested permanent injunction.

### III. DAMAGE CALCULATIONS

As discovery was unable to be conducted, the necessary information for a proper damage calculation is largely unknown to Plaintiff. Rather than engage the Court in a largely speculative and incomplete calculation of damages in the present motion, Plaintiff hereby requests expedited discovery on Google to obtain the necessary information on which the damages calculation will be based. Based on Plaintiff's counsel's prior experiences with Google, information will not be provided absent a Court order. Therefore, Plaintiff is unable to obtain the information without an order from this Court requiring Google to provide the necessary sales information for Defendant's video downloader mobile application.

Once Plaintiff is able to receive the necessary information from Google, Plaintiff will then bring a separate motion outlining all of the requested damages for the default judgment. In the meantime, Plaintiff requests that the injunction be granted while the damage calculation is pending.

### IV. CONCLUSION

Defendant's willfully and knowingly infringing conduct is irreparably harming Plaintiff's business, goodwill, and reputation, and is deceiving the consumers of video downloader mobile applications to believe that they are getting a quality, well-reviewed and time tested product when, in fact, they are getting an imitation. Without entry of the requested relief, Defendant will continue to profit from its infringing activities and mislead prospective purchasers, and others, to believe that Defendant's either originated from or are somehow affiliated with Plaintiff and Plaintiff's highly successful video downloader mobile application.

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

Plaintiff hereby requests the Court to issue a final default for an injunction as to Defendant's video downloader mobile application to prevent Defendant from continuing their infringing activities. Plaintiff also hereby requests the Court to allow for expedited discovery on Google in order to obtain the necessary information to properly provide the Court with an accurate damage calculation. In view of the foregoing, Plaintiff respectfully requests this Court to enter a Final Default in this action.

DATED this 2nd day of March, 2021.

**BAYRAMOGLU LAW OFFICES LLC.**

By: */s/ David Silver*
DAVID SILVER, ESQ.
(Nevada Bar No. 15641)
(California Bar No. 312445)
david@bayramoglu-legal.com
NIHAT DENIZ BAYRAMOGLU, ESQ.
(Nevada. Bar No. 14030)
(California Bar No. 294922)
deniz@bayramoglu-legal.com
1540 West Warm Springs Road, Suite 100
Henderson, Nevada 89052
*Attorneys for Plaintiff*
Hangzhou InShot Tech Co., Ltd.

**PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY**

# CERTIFICATE OF SERVICE

I, David Silver, hereby certified that a true correct copy of the foregoing **PLAINTIFF'S RULE 55(b) MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR EXPEDITED DISCOVERY** was served upon Defendant Studio Video Downloader X, by email pursuant to the Court's order granting alternative service, on this day of March 2, 2021 at the following address:

Studio Video Downloader X
freedownloader2020@gmail.com

By: */s/ David Silver*
David Silver